UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, N.A, )<br>*successor in interest to FDIC, as receiver* )<br>*for George Wahington Savings Bank*, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>GERARD WALSH; )<br>ROBERT D. GOMOLSKI; )<br>JASON C. HUNT; and )<br>LAGRANGE CROSSING II LLC, )<br> )<br>Defendants. ) | Case No. 13-cv-3302<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, FirstMerit Bank, N.A., successor in interest to FDIC, as receiver for George Washington Savings Bank ("FirstMerit"), brought this action against Defendants to foreclose a mortgage and for breach of note and guaranties. FirstMerit has moved for summary judgment against Defendants, Gerald Walsh, Jason C. Hunt, and LaGrange Crossing II, LLC, pursuant to Federal Rule of Civil Procedure 56, and for default judgment against Defendant Robert D. Gomolski, pursuant to Federal Rule of Civil Procedure 55. For the reasons discussed below, FirstMerit's Motion [28] is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires a party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue . . . ." Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny each factual statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A

litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 deems those facts admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (the district court has discretion to require strict compliance with its local rules governing summary judgment). Local Rule 56.1(b)(3)(C) further permits the non-movant to submit a statement "of any additional facts that require the denial of summary judgment . . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 937 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact which relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

In support of its Motion for Summary Judgment, FirstMerit has filed a Rule 56.1 Statement of Undisputed Material Facts. Defendants, despite having been granted an extension of time, have failed to file a response or an additional statement of facts. Instead, Defendants have only filed a brief contesting FirstMerit's requested attorney's fees. Consequently, FirstMerit's undisputed facts are deemed admitted and are relied upon for the following background facts. *See Lamz*, 321 F.3d at 683.

## BACKGROUND

FirstMerit is a federally-chartered national banking association, with its main office located in Akron, Ohio. (Plaintiff's Rule 56.1 Statement of Undisputed Material Facts ("SOF") ¶ 1.) FirstMerit acquired most of the assets of George Washington Savings Bank ("GWSB"), after it was closed and the Federal Deposit Insurance Corporation ("FDIC") was appointed as

receiver in February 2010. (*Id.* ¶ 2.) FirstMerit is the successor-in-interest to GWSB and is the real party in interest in this proceeding.

Defendant LaGrange Crossing II, LLC ("LaGrange Crossing") was a limited liability company until it was dissolved on March 8, 2013. Defendants Walsh, Gomolski, and Hunt are all members of LaGrange Crossing. (*Id.* ¶¶ 6-8.) LaGrange Crossing holds the legal title of record to the property commonly known as 1139-1143 North LaGrange Road, LaGrange Park, Illinois, 60526 (the "Subject Property"), which it acquired from LaGrange Crossing, Ltd. (*Id.* ¶¶ 4, 18.) LaGrange Crossing is also the obligor/borrower on a Promissory Note in favor of GWSB in the principal amount of $1,252,000.00 (the "Note"), which was originally executed by LaGrange Crossing, Ltd., but transferred to LaGrange Crossing under a Change in Terms Agreement. The Note is secured by a Construction Mortgage, executed in favor of GWSB, on the Subject Property and recorded as document number 0722847008 (the "Mortgage"). (*Id.* ¶¶ 11-13.)

On September 1, 2008, GWSB and LaGrange Crossing entered into a construction loan agreement, under which GWSB made a loan to LaGrange Crossing in the original principal amount of $1,252,000.00 (the "Construction Loan"). Also on September 1, 2008, Walsh, Gomolski, and Hunt each executed a continuing commercial guaranty, in which they, as guarantors, jointly and severally guaranteed payment of the indebtedness of LaGrange Crossing to GWSB (the "Guaranties"). (*Id.* ¶¶ 14-17.)

On November 4, 2010, the FDIC assigned the Mortgage to FirstMerit, which was recorded with the Recorder of Deeds of Cook Count Illinois on December 3, 2010 as Document No. 1033716036. (*Id.* ¶ 19.) The Note matured on September 1, 2009, and LaGrange Crossing failed to pay FirstMerit the amounts due under the Note. (*Id.* ¶ 20.) FirstMerit brought this

3

action to recover the amount due to it under the loan agreements. Only LaGrange Crossing, Walsh and Hunt have filed an Answer to the Complaint; Gomolski has failed to file an appearance or an Answer.

## LEGAL STANDARD

*Standard for Default*

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed. R. Civ. P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). Default judgment establishes a defendant is liable, as a matter of law, for the causes of action alleged in the complaint by the plaintiff. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).

When a defendant is found in default, all factual allegations in the complaint are deemed admitted and not subject to challenge. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations in the complaint relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed. R. Civ. P. 8(b)(6). The court may conduct hearings when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed. R. Civ. P. 55(b)(2)(A)-(D). A default judgment regarding damages may be entered without a hearing when "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323. "Unless the award is clearly excessive," damages awarded as a result of default judgment will not be challenged. *Merrill Lynch Mortg.*

*Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (citing *Douglas v. Metro Rental Serv., Inc.*, 827 F.2d 252, 256 (7th Cir. 1987)).

*Standard for Summary Judgment*

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but, rather, "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not enough to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In considering a motion for summary judgment, the court views the evidence in a light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

### *Default against Gomolski*

Gomolski was properly served with a copy of the Complaint and Summons on July 9, 2013, and has failed to answer, plead or otherwise defend the allegations of the Complaint. As such, Gomolski is in default, and the allegations of the Complaint are deemed admitted. A default judgment is entered against Gomolski on Count I of the Complaint (to foreclose mortgage). Furthermore, the amount of damages is readily ascertainable in the amount of the guaranty executed by Gomolski. A default judgment is also entered against Gomolski on Count IV (breach of guaranty) in the amount of $1,813,272.02, plus applicable interest.

### *Summary Judgment against LaGrange Crossing, Walsh and Hunt*

Foreclosure proceedings in Illinois are governed by the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15–1501 *et seq*. Under 735 ILCS 5/15-1504, a plaintiff seeking foreclosure must attach a copy of the mortgage and the note. Once a plaintiff establishes this *prima facie* case for mortgage foreclosure, the burden shifts to the defendants to establish a defense. *Farm Credit Bank of St. Louis v. Biethman*, 634 N.E.2d 1312, 1318 (Ill. App. Ct. 1994) (citing *Foreman Trust and Sav. Bank v. Cohn*, 174 N.E. 419 (Ill. 1930)).

Here, the remaining Defendants have failed to establish any defenses to the Complaint; they likewise have failed to respond to FirstMerit's Motion for Summary Judgment. LaGrange Crossing has not contested its failure to repay the Note when it became it due on September 1, 2009. Likewise, Hunt and Walsh have raised no defenses and admitted in their Answer that they failed to pay the amounts that were due under the Guaranties. LaGrange Crossing, Hunt and Walsh also admitted that they failed to pay real estate taxes for the years 2008 and 2009, which was a default under the loan documents. As there is no genuine issue of

material fact as to the Note, the Mortgage, the Guaranties, or Defendants' default thereunder, summary judgment in favor of FirstMerit is appropriately entered as follows: summary judgment on Count I (foreclose mortgage) against LaGrange Crossing, Walsh and Hunt; summary judgment on Count II (breach of note) against LaGrange Crossing; summary judgment on Count III (breach of guaranty) against Hunt; summary judgment on Count V (breach of guaranty) against Walsh. A Judgment of Foreclosure and Order of Sale is also entered.

Likewise, there is no genuine issue of material fact as to the amount due under the loan documents. As of September 30, 2013, this amount was $1,813,272.02, which comprised unpaid principal ($1,222,868.60); unpaid accrued interest thereupon ($566,837.62), and applicable late charges ($23,565.80). Interest has continued to accrue at the per diem rate of $373.65. (SOF ¶ 25; Pl.'s Mem. in Support of its Mot., Exh. E, Lupascu Affidavit).

*Attorney's Fees and Costs*

FirstMerit has also requested its costs in the amount of $2,647.00 and its attorney's fees in the amount of $27,270.00, for a total amount of $29,917.00. Defendants Walsh, Hunt, and LaGrange Crossing do not object to the costs, but object to the attorney's fees. They admit that the each of the loan documents, specifically the Mortgage, the Note, and the Guaranties, permit the recovery of costs and legal expenses in collecting the amounts due thereunder, but take issue with some of the amounts requested. They also argue that the award of fees should be reduced by 25 percent because Gomolski has defaulted and they should not be liable for his share of the fees.

Defendants' arguments are not persuasive. As a preliminary matter, as mentioned above, Defendants have not responded to FirstMerit's Statement of Undisputed Material Facts, which state FirstMerit is entitled to recover from Defendants its attorney's fees and costs and which

7

also describe and support those fees and costs with an affidavit and invoices from FirstMerit's law firm, Thompson Coburn LLP. Defendants' failure to respond deems those statements admitted.

Moreover, the Court has reviewed FirstMerit's request for attorney's fees on the merits and finds them to be reasonable. Defendants have offered no evidence that the hourly rates paid by FirstMerit are excessive for a downtown Chicago, Illinois law firm in a commercial loan dispute case involving approximately $1.8 million dollars. FirstMerit agreed to its law firm's hourly rate, was contractually obligated to pay its attorney's fees, and has incurred those fees it agreed to pay. *See, e.g., Knoll Pharm. Co. v. Auto. Ins. Co.*, 210 F. Supp. 2d 1017, 1024-25 (N.D. Ill. 2002) (holding that incurring and paying the defense costs "strongly implies commercial reasonableness of the fees"). FirstMerit's counsel also has sufficiently described the time entries for work performed and also supported the staffing of the case was reasonable and not duplicative, as Defendants assert. Likewise, Defendants have not supported their argument that legal work done before the Complaint was filed should be excluded. As demonstrated by FirstMerit, the loan documents clearly provide for payment of FirstMerit's legal fees in collecting the amount due without limitation or qualification. (*See* SOF, Exh. E(1) and E(3).)

Lastly, under the language of each guaranty, Defendants are jointly and severally liable for the loan as guarantors. As such, it would be improper to reduce the amount simply because one Defendant, Gomolski, has defaulted. Therefore, an award of $29,917.00 is entered in favor of FirstMerit and against Defendants, jointly and severally.

**CONCLUSION**

For the reasons discussed above, FirstMerit's Motion for Summary Judgment and Default [28] is granted. Default judgment is entered against Gomolski on Count I (foreclose mortgage) and Count IV (breach of guaranty) of the Complaint. Summary judgment is entered as follows against the remaining Defendants: summary judgment on Count I (foreclose mortgage) against LaGrange Crossing, Walsh and Hunt; summary judgment on Count II (breach of note) against LaGrange Crossing; summary judgment on Count III (breach of guaranty) against Hunt; and summary judgment on Count V (breach of guaranty) against Walsh. A Judgment of Foreclosure and Order of Sale is entered in favor of FirstMerit. FirstMerit is awarded damages in the amount of $1,813,272.02, plus applicable interest, against all Defendants, jointly and severally. FirstMerit is also awarded its attorney's fees and costs in the amount of $29,917.00 against all Defendants, jointly and severally.

Date: March 5, 2014

JOHN W. DARRAH
United States District Court Judge